IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTOPHER CHAMBERS,
    Petitioner,

v.                                                     Case No. 4:08cv374/SPM/MD

WALTER A. MCNEIL,
    Respondent.
_____

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1). Respondent has filed a response, in which he moves to dismiss the petition as untimely (doc. 16). Petitioner, Christopher Chambers, was twice given the opportunity to file a reply (docs. 17, 27), but has failed to do so.[1] The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter,

---

[1] Rather than file a reply, Mr. Chambers filed a motion to strike the respondent's response as untimely (doc. 24). On March 31, 2008 the court denied the motion, holding that the respondent's response was timely filed on February 13, 2009 (doc. 25). Not satisfied, on April 13, 2008 Mr. Chambers filed a motion to impose sanctions, again arguing that the response was untimely (doc. 26). He attached to his motion a copy of part of the clerk's docket showing the court's order of February 26, 2009 (doc. 17). That order noted that respondent had filed his response (without stating the date upon which the response was filed), and offered Mr. Chambers the opportunity to reply. Mr. Chambers apparently misinterpreted this docket entry as showing that the respondent's response was filed on the same date as the court's order. On April 14, 2009 the court denied the motion holding again that respondent's response was, in fact, timely filed on February 13, 2009 as ordered (doc. 27). The same order gave Mr. Chambers an extension of an additional 30 days to file his reply if he wished (*id*.). None was filed. Rather, Mr. Chambers filed a motion for reconsideration of the order denying his motion for sanctions, re-arguing the same ground (doc. 28). The motion was denied (doc. 29). The time for Mr. Chambers to file a reply expired on May 15, 2009.

Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show the petition was untimely filed and should be dismissed.

## PROCEDURAL HISTORY

Mr. Chambers was charged in the Circuit Court of Leon County with burglary, petit theft and resisting arrest without violence. Based on a jury verdict he was adjudged guilty of one count of burglary of a dwelling, and one count of felony petit theft. The trial court determined that he was a prison releasee reoffender under § 775.082(9), Fla. Stat., and sentenced him to 15 years imprisonment on the burglary count and five years imprisonment on the theft count, to be served concurrently (doc. 16, ex. A).[2] Mr. Chambers timely appealed the convictions to the First District Court of Appeal of Florida (DCA) (ex. B). On February 13, 2004, the DCA ordered Mr. Chambers to show cause why the appeal should not be dismissed for failure to file a brief (ex. C), and on March 25, 2004, having received no response, the DCA dismissed the appeal (ex. D).

More than two years later, on June 30, 2006, Mr. Chambers filed a motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850 (ex. E, pp. 1-9). He simultaneously requested leave to file an out-of-time motion for post-conviction relief, claiming that retained counsel had failed to file such a motion. He also raised four counts of ineffective assistance on the part of trial counsel. The court found that Mr. Chambers did not meet any exception to Florida's limitation for rule 3.850 motions, and denied the motion as untimely (ex. E, pp. 20-21). Mr. Chambers timely appealed the denial (Ex. E, p. 22). The DCA affirmed the order without written opinion (ex. G), issuing its mandate on May 30, 2007 (ex. H).

---

[2]Hereafter all references to exhibits will be to those attached to doc. 16, unless otherwise noted.

*Case No: 4:08cv374/SPM/MD*

On April 3, 2007 Mr. Chambers filed a "Motion For Leave of Court to File a Belated Motion for Post Conviction Relief (ex. I, pp. 1-5). The Rule 3.850 court found that the claim had "already [been] raised" in the 2006 motion for post-conviction relief, which had been denied and affirmed on appeal, and that Mr. Chambers had failed to show that counsel frustrated Mr. Chambers's intent to file a timely post-conviction motion (ex. I, p. 6-7). Mr. Chambers timely appealed the denial (ex. I, p. 11). The DCA affirmed the Rule 3.850 court's order without written opinion (ex. K), issuing its mandate on April 17, 2008 (ex. L).

On August 19, 2008, under the prison mailbox rule, Mr. Chambers filed the instant petition (doc. 1).

## DISCUSSION

The instant habeas proceeding is subject to the one year statute of limitations provided by 28 U.S.C. § 2244(d). The limitations period began to run on the date the judgments against Mr. Chambers became final.[3] 28 U.S.C. § 2244(d)(1)(A). The DCA effectively affirmed petitioner's convictions on March 25, 2004 when it dismissed the appeal due to Mr. Chambers' failure to file a brief. Mr. Chambers did not move for rehearing in the DCA, nor did he seek review of his convictions in the Florida Supreme Court or in the United States Supreme Court. Thus, assuming, without deciding, that *certiorari* review in the United States Supreme Court was available to him,[4] his convictions became "final" for purposes of § 2244 on June 23, 2004, when

---

[3] Petitioner has not asserted that a government-created impediment to his filing existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Thus, the statute of limitations must be measured from the remaining trigger, which is the date on which his convictions became final. 28 U.S.C. § 2244(d)(1)(A).

[4] The Eleventh Circuit has not addressed whether a state prisoner is entitled to petition for *certiorari* in the Supreme Court of the United States (and therefore entitled to the 90-day grace period) when he timely initiates a direct appeal in the state's highest court (in this case, the Florida First DCA), but his appeal is dismissed. This court need not decide the issue, because it makes no difference to

the ninety-day period in which to seek *certiorari* from the United States Supreme Court expired.[5] *See* 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (holding that one-year limitations period for state inmate's filing of federal habeas petition began to run when the time expired for filing a petition for *certiorari* with the United States Supreme Court).

The limitations period ran for 735 days until Mr. Chambers filed a motion for post-conviction relief on June 30, 2006. By that date more than a year had elapsed from the date his conviction became final. Mr. Chambers' motion for post-conviction relief did not trigger the tolling benefit of § 2244(d)(2), because the limitations period had expired on June 23, 2005. See *Alexander v. Secretary, Dep't of Corrections*, 523 F.3d 1291, 1294 (11th Cir. 2008) (holding that a state court motion for post-conviction relief cannot toll the limitations period if that period has already expired); *Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000) (same). Nor did the late filing reinitiate the federal limitations period. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001). In short, Mr. Chambers did nothing during the one year period after his conviction became final, and the federal one year statute of limitations ran, foreclosing his right to seek federal habeas relief. Consequently, Mr. Chambers' petition is untimely unless equitable tolling applies.

## EQUITABLE TOLLING

The Supreme Court of the United States has not squarely addressed the question whether equitable tolling applies to AEDPA's statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. at 418 n. 8, 125 S.Ct. at 1814 n. 8. The Eleventh Circuit

---

the outcome of this case.

[5]The 90-day period for filing in the United States Supreme Court a petition for a *writ of certiorari* seeking review of a decision of a state appellate court runs from the date of the state court's opinion, not the date of issuance of the mandate. *See* Sup. Ct. R. 13.3; *see also Chavers v. Secretary, Florida Dep't of Corrections*, 468 F.3d 1273, 1275 (11th Cir. 2006).

has allowed equitable tolling to mitigate application of § 2244(d)'s statutory deadline under very limited circumstances:

> **Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when "extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition. Equitable tolling is an extraordinary remedy that is typically applied sparingly; however, it is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence. The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.**

*Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir. 2004) (internal quotations and citations omitted; emphasis in original); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Section 2244 . . . permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'"(quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1989))). "A petitioner is not entitled to equitable tolling based on a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both." *Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir. 2006). *Holland v. Florida*, 539 F.3d 1334 (11th Cir. 2008). "A truly extreme case is required." *Id*.

Mr. Chambers has not claimed that he is entitled to equitable tolling. However, he alleges in one of his grounds for relief that the state court erred in denying his state post-conviction motion as time-barred, because the delay was attributable to his counsel, who negligently failed to file a timely post-conviction motion. In his state court motion for leave to file a belated motion for post-conviction relief he also blamed his attorney for failing to file a timely motion. The state court found, as fact, that Mr. Chambers mischaracterized his attorney's statement as an unconditional promise to file such a motion, where counsel only stated that he needed help from Mr. Chambers before he could file a motion (ex. I, p. 2). Mr. Chambers presented no other evidence touching on his attorney's alleged failure.

Regardless, it is well settled that attorney negligence, even gross negligence, does not warrant equitable tolling. *Holland*, 539 F.3d at 1338. Moreover, even if the state court had excused petitioner's untimeliness and allowed petitioner's 2006 and 2007 post-conviction filings to proceed, they still would not toll the federal habeas limitations period because it had expired before either motion was filed.

The instant petition was not timely filed as required by 28 U.S.C. § 2244(d), and should be dismissed as untimely. It is therefore respectfully RECOMMENDED that the 28 U.S.C. 2254 petition for writ of habeas corpus (doc. 1), challenging the conviction and sentence in *State of Florida v. Christopher Chambers,* in the Circuit Court of Leon County, Florida, case nos. 2001-CF-3606 and 2002-CF-129, be DISMISSED WITH PREJUDICE as time barred, and that the clerk be directed to close the file.

At Pensacola, Florida, this 30th day of September, 2009.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).